UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE BURLINGTON INSURANCE COMPANY                                          PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:13cv1077-DPJ-FKB

BRUSHY CREEK TIMBER CO., INC., et al.                                    DEFENDANTS

ORDER

This declaratory-judgment action is before the Court on the Motions to Dismiss filed by Defendants Henry D. Gaddis, Retza G. Gise, Laura Gaddis Brown, the James C. Tullos Trust, Henry L. Gaddis, Jr., Conseuelo G. Brinkler, Bowen C. Gaddis, Deborah A. Gaddis, James W. Gaddis, Dawn Bulls, the Gloria L. Osborne 2002 Trust, Kevin Coleman, Cheryl Coleman, and the Ruth Mixon Revocable Trust (collectively, "the Gaddis heirs") [22], and Defendant Brushy Creek Timber Co., Inc. [31].  Because the Court concludes that abstention is appropriate under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), the motions are granted.

I.      Facts and Procedural History

This case concerns a coverage dispute involving two commercial general-liability policies issued by Plaintiff The Burlington Insurance Company to Defendant Brushy Creek for the period between May 10, 2010, and May 10, 2012.  Brushy Creek is one of two defendants in an underlying state lawsuit brought by the Gaddis heirs relating to the parties' respective interests in timber in Newton County, Mississippi.  The Gaddis heirs filed suit against Brushy Creek and Majestic Timber, LLC, in the Circuit Court of Newton County, Mississippi, on January 11, 2013.  Burlington is currently defending Brushy Creek in the state case under a reservation of rights.

On August 7, 2013, Burlington filed this case, seeking a declaration that its policies do not apply to the Gaddis heirs' allegations and that Burlington has no duty to defend or indemnify

Brushy Creek in the underlying case. Before Burlington was able to effect service on the defendants in this case, on November 8, 2013, the Gaddis heirs filed a motion to amend their complaint in state court to add a declaratory-judgment count against Burlington on the coverage issue. The state court granted that motion, and Burlington was made a party to the state-court lawsuit by way of a second amended complaint on December 11, 2013. On January 31, 2014, Burlington moved to dismiss the claim against it in state court, asserting that the doctrine of priority jurisdiction applies to make this Court the proper tribunal for addressing the coverage issue. The Gaddis heirs and Brushy Creek now ask the Court to abstain and dismiss this case under *Brillhart*. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Analysis

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (citation omitted). It "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. In a declaratory-judgment action, the Court "should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 494.

The Fifth Circuit has articulated seven factors that guide the Court in determining whether to exercise its discretion to hear or abstain in a declaratory-judgment case:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5)

>   whether the federal court is a convenient forum for the parties and witnesses, . . .
>   6) whether retaining the lawsuit in federal court would serve the purposes of
>   judicial economy . . . and [7)] whether the federal court is being called on to
>   construe a state judicial decree involving the same parties and entered by the court
>   before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994). These factors address three aspects of the analysis: "the proper allocation of decision-making between state and federal courts," "fairness," and "efficiency." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390–91. The parties agree that the Court should apply the *Trejo* factors in deciding whether to hear the case or abstain.

The first factor—whether there is a pending state action in which all of the matters in controversy may be fully litigated—"concerns both efficiency and comity." *Canopius Ins. Inc. v. Arbor Experts, LLC*, 965 F. Supp. 2d 777, 782 (S.D. Miss. 2013). "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co.*, 343 F.3d at 390–91 (footnote and citations omitted). Here, the Gaddis heirs have filed an amended complaint that seeks a determination of Burlington's obligations under the policy under Mississippi law. So the first factor weighs in favor of abstention.

Burlington asserts that, despite the fact that the same state-law claims raised in this case are pending before a Mississippi court in the underlying action, abstention would not foster efficiency because the state case "also involves a number of other claims that are not relevant to the issue of coverage afforded to Brushy Creek under the policies of insurance issued by Burlington." Pl.'s Mem. [28] at 4. Burlington cites no cases for the proposition that this fact

affects the analysis under the first factor.  It is often the case that the underlying lawsuit involves questions both of the insured's liability to third parties and the insurer's duties under the policy. *See, e.g.*, *Canopius*, 965 F. Supp. 2d at 779–80; *Colony Ins. Co. v. Ambling Mgmt. Co., LLC*, 965 F. Supp. 2d 783, 788–89 (S.D. Miss. 2013).  The Fifth Circuit's articulation of the first *Trejo* factor does not include consideration of whether the state-law issues raised in the federal action are the only or the predominant issues in the state case.  The first factor favors abstention.

The second, third, and fourth *Trejo* factors "are focused on fairness, and specifically on whether the federal declaratory-judgment action is an 'improper and abusive' litigation practice that seeks to 'us[e] the declaratory judgment process to gain access to a federal forum on improper or unfair grounds.'" *Canopius*, 965 F. Supp. 2d at 782 (citing *Sherwin-Williams Co.*, 343 F.3d at 391).  The parties agree that there was nothing untoward about Burlington instituting this action, so these factors do not favor abstention.  But while Defendants assert that the factors are neutral, Burlington suggests that its good faith "support[s] retention of this action."  Pl.'s Mem. [28] at 4; *see* Defs.' Mem. [23] at 6 (arguing that factors two, three, and four "appear to be neutral" (citing *Canopius*, 965 F. Supp. 2d at 782)).

To support its argument, Burlington cites *AXA Re Property & Casualty Insurance Co. v. Day*, in which the Fifth Circuit held that the district court "correctly determined that [these] factors . . . supported retaining jurisdiction." 162 F. App'x 316, 321 (5th Cir. 2006).  But unlike the posture here, the insurance company in *AXA* was not a party to the state-court lawsuit, so "no pending state action exist[ed] where all the matters in controversy could be fully litigated." *Id.* at 320.  The *AXA* court's conclusion that the fairness factors favored retention of the case must be

viewed in light of the initial finding on the first factor that there was no parallel state case to abstain in favor of.

The Fifth Circuit has explained that the first factor is weighted; where, as here, "a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co.*, 343 F.3d at 390–91 (footnote and citations omitted). In light of the pending state-court case, the fact that Burlington did not engage in improper forum shopping renders factors two, three, and four merely neutral. *See Canopius*, 965 F. Supp. 2d at 782. It certainly does not overcome the first factor.

The fifth and sixth *Trejo* factors "primarily address efficiency considerations." *Sherwin-Williams Co.*, 343 F.3d at 392. As to the fifth factor—whether the federal court is a convenient forum—the parties agree that this Court and the state court are equally convenient fora to litigate the coverage issue. Defs.' Mem. [23] at 6; Pl.'s Mem. [28] at 5. Burlington asserts that the factor therefore supports retention of the case, but for the reasons set forth above, the Court concludes the fifth factor is neutral.

The sixth factor focuses on judicial economy. The Fifth Circuit has explained that "[a] federal district court should avoid duplicative or piecemeal litigation where possible" and warned that "[d]uplicative litigation may . . . raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Sherwin-Williams Co.*, 343 F.3d at 391 (footnote and citations omitted). Were the Court to retain

this coverage dispute, the coverage issues would be litigated in both state and federal courts, which would not serve judicial economy. This factor favors abstention.[1]

Finally, the seventh factor "clearly implicates federalism and comity concerns." *Sherwin-Williams Co.*, 343 F.3d at 392. The parties agree that this factor "is factually inapplicable." Defs.' Mem. [23] at 7; *see* Pl.'s Mem. [28] at 6. Considering all the *Trejo* factors, which are either neutral or weigh in favor of abstention, the Court exercises its discretion to abstain from hearing this declaratory-judgment action.

III.    Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the motions to dismiss [22, 31] are granted and this case is dismissed without prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2014.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE

---

[1] Burlington asserts that "judicial efficiency" would be served if the Court retains jurisdiction, because this case involves only the coverage question while the underlying lawsuit involves issues of liability as well as coverage. Pl.'s Mem. [28] at 5–6. As with its similar argument on the first factor, Burlington cites no authority for this proposition. The Court concludes that the sixth factor's focus is more on judicial economy, which is served by having a single court, rather than two courts, consider the coverage issue. *See Sherwin-Williams*, 343 F.3d at 391.